Dear Mr. Moresi:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In your request, you explained that the Vermillion Parish Waterworks District No. 1 ("Waterworks") has authorized you to request an opinion regarding whether it could impose fines on individuals who tamper with and/or damage water meters in order to obtain water without paying for it. There is no statute, case law, or previous Attorney General's Opinion that specifically answers this question. However, for the reasons explained below, it is the opinion of this Office that the Waterworks may impose a fine on such individuals so long as the fine does not constitute an illegal tax.
The Waterworks qualifies as a "revenue-producing public utility," as defined by LSA-R.S. 33:4161, because it is owned by the parish and because it supplies the commodity of water. According to LSA-R.S. 33:4163, the parish operating the public utility "may establish rates, rules, and regulations with respect to the sale and distribution" of the commodity or service. Specifically, LSA-R.S. 33:3820 designates the commissioners of the waterworks district as the body responsible for setting the rates for water, and it states that the cost of connecting and installing meters is to be borne by the person using it.
It is well-settled law that charges from public waterworks are not taxes; rather, they are the price paid for a commodity sold.See La. Atty. Gen. Op. Nos. 02-0059, 98-504. If a fee is not intended for the purpose of raising revenue, but imposed for the purpose of "making rules and regulations to promote public order, individual liberty and general welfare, it is an exercise of the police power." See La. Atty. Gen. Op. Nos. 00-124, 98-504, 98-401. The parish may exercise its police power to charge fees on individuals who are receiving a benefit not shared by the others in the parish. See La. Atty. Gen. Op. No. 00-124. However, if the primary purpose for the fee is revenue and regulation is "merely incidental," or if the fee "clearly and materially exceeds the cost of regulation or conferring special benefits upon those assessed," then the fee is considered an *Page 2 
illegal tax. See La. Atty. Gen. Op. Nos. 00-124, 98-504, 98-401. Thus, fees collected for the purpose of promoting public order do not require additional legislative action or electoral approval because the power of the parish to regulate is expressly granted through LSA-R.S. 33:4163, which gives the parish the authority to "establish rates, rules, and regulations with respect to the sale and distribution" of water through the public utility. See La. Atty. Gen. Op. No. 00-124. Further, a previous Attorney General's Opinion has stated that revenue collected from a waterworks was not an illegal tax because the revenue did not materially exceed the cost of the special benefit conferred.See La. Atty. Gen. Op. No. 98-401.
Accordingly, because LSA-R.S. 33:4163 expressly grants the parish to establish rates, rules, and regulations in regard to the public utilities, the Waterworks has the authority to impose a fine upon those who tamper with and/or damage water meters in order to obtain water without paying for it. This falls within the parish's police powers to makes rules and regulations promoting public order. Also, this allows the parish to assess those who are seeking the "special benefit" of free water. This fine may not be created for the primary purpose of collecting revenue, nor may this fine materially exceed the cost of damages, however, because that would constitute an illegal tax.
Even so, the Louisiana Legislature has created criminal statutes that would allow the public utilities to punish such wrongdoers and recoup any losses from such. Louisiana Revised Statute 14:67.6 makes the theft of utility services a criminal offense. Louisiana Revised Statute 14:56.2 makes criminal damage to a pipeline facility a criminal offense. If the Waterworks is seeking to recover the cost of repairing the damage and reimbursement for the services stolen, this may be recovered as restitution when the perpetrators are convicted. See La. C.Cr.P. art. 883.2. If the parish chooses to seek remedy through criminal prosecution, then a separate civil fine expressly for the purpose of recouping damages would be unnecessary.
If this office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ___________________ KRISTI DEASON HAGOOD ASSISTANT ATTORNEY GENERAL
 KDH/kdh/jy *Page 3 
 ATTACHMENT
ATTACHMENT